# IN THE SUPREME COURT OF THE STATE OF NEVADA

WYNN RESORTS, LIMITED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
Respondents,
    and
KAZUO OKADA; UNIVERSAL
ENTERTAINMENT CORP.; AND
ARUZE USA, INC.,
Real Parties in Interest.

No. 73949

FILED

DEC 04 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus or prohibition challenges an August 25, 2017, district court oral ruling concluding that the work-product privilege does not apply to certain Freeh report documents.

Mandamus and prohibition are extraordinary remedies, available only when the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *see also D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). The right to appeal in the future, after a final judgment is ultimately entered, generally constitutes an adequate and speedy legal remedy precluding writ relief. *Id.* "Whether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings'

17-41558

status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented." *Id.* at 474-75, 168 P.3d at 736.

Having considered the petition and supporting documents, we are not satisfied that our intervention is warranted at this time. This case has been pending in the district court since 2012, several interlocutory issues of substantial magnitude already have been addressed by this court, *see, e.g., Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court,* 133 Nev., Adv. Op. 52, 399 P.3d 334 (2017); *Okada v. Eighth Judicial Dist. Court,* 131 Nev., Adv. Op. 83, 359 P.3d 1106 (2015), and the underlying proceedings are approaching a set trial date. Moreover, the challenged ruling resulted from the district court's consideration of this issue pursuant to *Wynn Resorts,* 133 Nev., Adv. Op. 52, 399 P.3d 334, in which we addressed this same issue just a few months ago. This court rarely entertains writ petitions addressed to discovery issues, generally intervening only when "the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions." *Wardleigh v. Second Judicial Dist. Court,* 111 Nev. 345, 351, 891 P.2d 1180, 1184 (1995). Although petitioner claims that the district court's order allows the disclosure of privileged information and as a result meaningful review on appeal could be compromised, we conclude that the issue presented herein is not of such a magnitude so as to require our extraordinary and rare intervention, given the upcoming trial date. Accordingly, we decline to exercise our discretion to consider this writ petition, *D.R. Horton,* 123 Nev. at 475, 168 P.3d at 737 (recognizing this

court's broad discretion in determining whether to consider a writ petition), and we

ORDER the petition DENIED.

_____ Cherry _____ Cherry, C.J.

_____ Douglas, J.

_____ Gibbons, J.

_____ Hardesty, J.

_____ Stiglich, J.

cc:    Hon. Elizabeth Goff Gonzalez, Chief Judge
Pisanelli Bice, PLLC
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Glaser Weil Fink Jacobs Howard Avchen & Shapiro, LLC/Los Angeles
BuckleySandler LLP
Holland & Hart LLP/Las Vegas
Kemp, Jones & Coulthard, LLP
Morris Law Group
Eighth District Court Clerk